IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANTAGE SALES & MARKETING LLC, on a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>USG COMPANIES, INC. f/k/a DALTON'S CLUB MARKETING SERVICES, INC., a Texas corporation, LOTT COMPANIES, LTD. f/k/a CMS PARTNERS LTD., a Texas limited partnership, DALTON LOTT, and ROBERT MANN,<br><br>Defendants. | Civ. No. 15-1225-RGA |

**MEMORANDUM ORDER**

Pending before the court is Defendants' motion to compel arbitration and dismiss the complaint or, in the alternative, stay litigation pending arbitration. (D.I. 6). For the reasons set forth below, Defendants' motion is GRANTED.

1. **Background**. Plaintiff Advantage Sales & Marketing, LLC entered into an Asset Purchase Agreement, dated June 24, 2015, with Defendants USG Companies, Inc. f/k/a Dalton's Club Marketing Services, Inc., Lott Companies, Ltd. f/k/a CMS Companies Ltd., Dalton Lott and Robert Mann (collectively, "Defendants"). Pursuant to the Agreement, Plaintiff acquired a division of Defendants' business operations in exchange for a cash payment and a promise of future payments under the terms of an earn-out provision. (D.I. 1 ¶¶ 4-6).

2. The amount paid under the earn-out provision depends on the amount of "Revenue" generated by the "Business," as those terms are used and defined in the Agreement. (D.I. 7 Ex. A at 1, 6, 52). A dispute has arisen between the parties concerning whether revenue from Plaintiff's

pre-existing contracts with overlapping customers qualifies as "Revenue" generated by the "Business." (D.I. 10 at 8-9). Defendants claim that this dispute is subject to the dispute resolution mechanism provided for in the earn-out provision. Specifically, under Section 1.7 of the Agreement, if the Plaintiff and Defendants "are unable to resolve any disagreement with respect to the calculation of Revenue for the Measurement Period," then the disputed amounts "will be referred to the Accounting Firm ... for final determination." (*Id.* at Ex. A at 6-7).

3. **Discussion**. As an initial matter, Defendants assert that Section 1.7 constitutes an agreement to "arbitrate" under the Federal Arbitration Act ("FAA"). (D.I. 7 at 6). Moreover, the Agreement contains a choice of law clause stating that the Agreement "shall be construed and enforced" in accordance with the law of the State of Delaware. (D.I. 7 Ex. A § 10.7). Accordingly, the court finds most helpful those cases decided under Delaware law where the FAA applied.

4. This case is indistinguishable from *TMIP Participants LLC v. DSW Group Holdings LLC*, 2016 WL 490257 (Del. Ch. Feb. 4, 2016). In that case, the agreement provided that "disagreements with respect to" the calculation of transaction expenses related to the sale of a business would be submitted to an arbitrator. *Id.* at *3. Defendants resisted arbitration on all of the same grounds raised by Plaintiff here, including that the dispute did not fall within the narrow arbitration clause, because it was "not a calculation dispute but a dispute over the interpretation of contract terms." *Id.* at *12. More specifically, the dispute concerned which amounts should be included in the term "Transaction Proceeds." *Id.*

5. The court was guided by *Viacom* where the Delaware Supreme Court stated that: "If the subject matter to be arbitrated is the calculation of an earn-out, or the amount of working capital, or the company's net worth at closing, all issues as to what financial or other information should be considered in performing the calculation are decided by the arbitrator." *Id.* at 9

2

(discussing *Viacom Int'l, Inc. v. Winshall*, 72 A.3d 78, 83 (Del. 2013)); *see also Weiner v. Milliken Design, Inc.*, 2015 WL 401705, at *11 (Del. Ch. Jan. 30, 2015) (refusing to preemptively curtail the scope of the arbitrator's analysis by limiting which financial metrics and inputs the arbitrator may consider in rendering the arbitral decision).

6. As the court in *TMIP Participants* explained, "[t]he mere fact that the parties' dispute may require interpretation of contractual terms does not mean the dispute is not arbitrable; Delaware courts repeatedly have recognized that arbitrators, even those without legal training, may be called upon to interpret the parties' agreement in order to render a decision in the arbitration." 2016 WL 490257, at *12. Finally, the court rejected the same argument made by Plaintiff here that the parties' agreement to submit to the jurisdiction of the courts of Delaware to resolve disputes regarding the merger agreement trumps the arbitration clause. *Id.* This argument contradicts the basic principle of contract interpretation that specific language controls over general language. *Id.*

NOW, THEREFORE, it is HEREBY ORDERED that Defendants' Motion to Compel Arbitration (D.I. 6) is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **CLOSE** the case.

Wilmington, Delaware
May \_\_, 2016

_____
United States District Judge

3